UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILLIAM MERTON MYRICK** | : | **DOCKET NO. 2:22-cv-05346** |
| | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **S. MA'AT, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner William Merton Myrick on September 26, 2022. Doc. 1. At the time of filing, Myrick was an inmate in the custody of the Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons set forth below, **IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED** because petitioner's claim presents no claim or controversy and therefore we lack jurisdiction.

**I.**
**BACKGROUND**

Myrick filed the instant petition alleging that the Bureau of Prisons ("BOP") failed to award him time credits to which he was entitled under the First Step Act ("FSA"). He alleged that the additional credits would entitle him to be transferred to pre-release custody, i.e., to a Residential Reentry Center (halfway house) or Home Confinement.

## II.
## LAW & APPLICATION

Petitioner was taken into federal custody on December 21, 2018, and he has been eligible to earn credits ever since. BOP records indicate he has earned a total of 735 credits, of which 365 have been credited towards early release. *See* doc. 12, att. 1, p. 1, Declaration of Tamala Robinson; *see also id*. at pp. 2-4, Public Information Inmate Data; *see also id*. at pp. 5-6, FSA Time Credit Assessment. This has advanced his projected release date from July 29, 2024, to July 30, 2023. *See* doc. 12, att. 1, p. 3. The remaining 370 days may be applied towards pre-release community confinement (Residential Reentry Center or Home Confinement). *See id.* at pp. 5-6. On April 6, 2023, Petitioner arrived at the Dismas Charities Residential Reentry Center in Atlanta, Georgia, where he is now in pre-release custody. *See id*. at p. 7, Inmate Profile (redacted); *see also* Inmate Locator at www.bop.gov.

The government represents that petitioner has earned 735 credits, of which the maximum allowable 365 have been applied to reduce his sentence; his projected release date has been advanced by twelve months, from July 29, 2024, to July 30, 2023. Petitioner is not entitled to apply any more than 365 credits to reduce his projected release date and effectively receive an early release. Congress explicitly limited the number of credits which may be applied for this purpose:

> If the sentencing court included as a part of the sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583, the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under 3632.

18 U.S.C. § 3624(g)(3). In other words, BOP may not reduce an inmate's term of incarceration by applying FTC credits in excess of 12 months, or 365 days. For this reason, the petitioner is not entitled to any further reduction in sentence (early transfer to supervised release).

Petitioner is eligible to apply the remaining 370 days to increase his time in pre-release custody (at a Residential Reentry Center, or in Home Confinement). See 18 U.S.C. § 3632(d)(4)(C). On April 6, 2023, the petitioner arrived at the Dismas Charities Residential Reentry Center in Atlanta, Georgia, where he is now in pre-release custody. *See* doc. 12, att. 1., p. 7, Inmate Profile; *see also* Inmate Locator at www.bop.gov. Because petitioner has already had his sentence reduced by the maximum twelve months authorized by law and has also already been transferred to a Residential Reentry Center to serve out the remainder of his sentence in pre-release custody, it is not possible for the Court to grant any further relief. There is no case or controversy presented here, and this petition should be dismissed for lack of jurisdiction.[1]

### III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED** as it presents no case or controversy and thus we lack jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond

---

[1] When, as here, "the court cannot grant the relief requested by the moving party," then the matter is moot. *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor,* 407 F.2d 281, 283 (5th Cir. 1969) and *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey*, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke*, 150 F. Appx. 329, 331 (5th Cir. 2005) (citation omitted). Absent jurisdiction, we must dismiss.

to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 8th day of June, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE